[No. 38605.    Department One.    September 28, 1967.]

MARGARET COUGHLIN, *Appellant v.* O. H. CHRISTOFFERSEN *et al.,*
*Respondents,* WALDO O. MILLS *et al., Defendants.*\*

*Malcolm L. Edwards* and *Margaret Coughlin,* for appellant.

*Williams, Lanza, Kastner & Gibbs,* by *Daniel E. Tolfree,* for respondents Christoffersen et al.

*Chadwick, Chadwick & Mills,* by *Orville H. Mills,* for respondents Couglin.

PER CURIAM.—Plaintiff brought this action against numerous defendants; she appeals the summary judgments of dismissal as to some of them and the pretrial order dismissing others.

Her complaint combines several unrelated claims against several defendants including her doctors, a hospital, the medical society, and a former husband from whom she had been divorced in 1951. In general, plaintiff alleged that on June 1, 1962, her doctors unnecessarily arranged for her to enter a hospital, failed to give her medical attention, abandoned her there, falsified hospital records, made a willfully fraudulent diagnosis, and one of her doctors, acting in bad faith, defamed her in such a way as to injure her in her employment. She alleged that her former husband had falsely defamed her too, and had tried to alienate her from her children.

Defendants filed motions for summary judgment of dismissal and the former husband moved to dismiss the complaint for the reason that the complaint as to him was res judicata in the divorce decree of September 20, 1951. This motion the trial court heard under Rule of Pleading, Practice and Procedure 16, RCW vol 0, and granted, and our review of the record shows that all causes of action well pleaded in the instant complaint against plaintiff's former husband were heard and disposed of in the divorce decree and that the order of dismissal should be and is affirmed.

On the summary judgments, the plaintiff was given opportunity to submit evidence in support of her complaint and to show that genuine issues of fact existed requiring trial. After extensive hearings on the motions for summary judgment, the trial court found that all claims were barred by the statutes of limitations and also that the plaintiff could not supply evidence to support the allegation of the complaint. Thus, it dismissed the plaintiff's claim both under the statutes of limitations and failure of offered proof.

\*Reported in 431 P.2d 997.

Our study of the entire record discloses no reversible error in granting the judgments of pretrial dismissal, and the disposition of this cause in the superior court is, therefore, affirmed.

November 15, 1967. Petition for rehearing denied.